UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re CHRISTINA E. HAGAN, | : | CASE NO. 10-15540 |
| Debtor, | : | CHAPTER 13 |

## THIRD AMENDED CHAPTER 13 PLAN

1. The future earnings and other future income of Debtor are submitted to the supervision and control of the trustee. Debtor's current monthly net income, as indicated on Amended Schedule J, line 20(c), is $1,041.00. Due to a bodily injury, as indicated on Amended Schedule B, line 21, Debtor was unable to work for half of October and half of November 2010, resulting in total lost net income of $3,118.00. Therefore, for a plan length of 36 months, beginning with August 2010, the total of plan payments will be $34,358.00. Debtor has paid to the trustee $741.00 monthly for 5 months and, beginning with January 2011, will pay $988.81 monthly for 31 months. Debtor will make said payments directly, without wage withholding.

2. Allowed claims against Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this plan. From the payments received under this plan, the trustee shall make disbursements as follows:

    (a) Administrative expenses:
        1. Trustee's fee in an amount to be determined by the Office of the U.S. Trustee.
        2. Attorney's fee (unpaid portion): $1,500.00.

    (b) Claims on which the last payment is due after the date on which the final payment under this plan is due. Defaults shall be cured, but the regular payments will be paid by Debtor directly to the creditor.

    | Creditor | Total Arrearage | Regular Payment |
    |---|---|---|
    | University City Housing Co./ Pt. Royal Realty Corp. | $5,235.00 | $1,200.00 |

    (c) Secured claims:

    | Creditor | Collateral | Amount Payable |
    |---|---|---|
    | Toyota Financial Services | 2005 Toyota Solara | $13,214.03[1] |

    (d) Timely filed allowed unsecured claims to be paid pro rata.

---

[1] This amount includes the remaining balance payable of $12,065.52 and interest at the rate of 6% annually pre-calculated over 36 months. Although the collateral is worth considerably less, pursuant to 11 U.S.C. § 1325(a) (hanging paragraph), the entire remaining balance payable is claimed as secured for this purpose.

1

3.    Secured creditors shall maintain their lien or security interest in collateral until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C. § 1328.

4.    Confirmation of this plan shall constitute an order binding every creditor of Debtor and enjoining each such creditor from taking any action inconsistent with this plan and from proceeding with any claim against Debtor in any forum other than this Bankruptcy Court.

5.    Title to Debtor's property shall re-vest in Debtor upon confirmation of this plan. Debtor's right to possession of said residential premises shall vest in Debtor upon confirmation of this plan and shall continue until termination of this plan.

6.    This plan shall be deemed completed when all filed and allowed claims are paid in full or upon completion of the payments as above, whichever first occurs.

7.    Upon completion of this plan, all sums remaining in the hands of the trustee shall be returned to Debtor.

8.    Payment of the total amount specified to a creditor with any co-signers, co-makers, or guarantors ("co-obligors") shall constitute full payment of the debt, including all of the contractual interest which is due or will become due during the consummation of this plan, as to Debtor and any co-obligor.

Dated: December 29, 2010

s/ Christina E. Hagan
_____
Christina E. Hagan
Debtor


s/ David E. Pearson
_____
David E. Pearson, Esquire
Attorney for Debtor